UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JUAN AGUILAR on behalf of himself,
individually, and on behalf of others
similarly situated,

                    Plaintiff,

            -against-                            **REPORT AND RECOMMENDATION**
                                                      19-CV-5014 (RPK) (TAM)
ADVANCED MEPF SERVICES CORP.;
PROJECT STRATEGIX, LLC; CROSS
ISLAND MECHANICAL
MANAGEMENT CORPORATION;
DAVID CERQUEIRA; and KRISTOPHER
SHAW,

                    Defendants.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        On September 3, 2019, Plaintiff Juan Aguilar ("Plaintiff" or "named Plaintiff") initiated this collective action against Defendants Advanced MEPF Services Corp., Project Strategix, LLC, Cross Island Mechanical Management Corporation, David Cerqueira, and Kristopher Shaw ("Defendants"). (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff, together with seven opt-in Plaintiffs, seeks damages for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* (*Id.*)

        Currently before the Court is Defendants' motion to dismiss the action as to named Plaintiff Juan Aguilar for failure to prosecute. (Mot. to Dismiss, ECF No. 73.) For the reasons set forth below, the Court respectfully recommends that Defendants' motion be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted, this action was commenced on September 3, 2019. (Compl., ECF No. 1.) On September 9, 2019, and December 23, 2019, opt-in Plaintiffs David Aguilar and Angel Ortega joined the litigation. (Consent to Join Forms, ECF Nos. 10, 23.) On January 23, 2020, the Honorable James Orenstein granted the parties' stipulation to conditionally certify the case as a collective action under the FLSA. (Jan. 23, 2020 ECF Order.) Between April 24, 2020, and June 2, 2020, opt-in Plaintiffs Joaquin Villalta, Marlon Aroldo Diaz Payes, Josue Santos Carranza, Carlos Antonio Baires Gomez, and Jose Cabrera Ventura each joined the litigation, bringing the total number of opt-in plaintiffs to seven. (Consent to Join Forms, ECF Nos. 30, 31, 32, 33, 34.)

During the course of discovery, which has been delayed extensively due to the COVID-19 pandemic, the parties reached an impasse caused by the deposition of named Plaintiff Juan Aguilar. Specifically, on March 23, 2021, the eve of his deposition, Plaintiff Aguilar informed his counsel, Borrelli & Associates, P.L.L.C. ("Plaintiffs' counsel"), that despite previously verifying the allegations in the complaint, "he did not believe that Defendants owed him any overtime, and . . . that he planned to testify [] to that effect during his deposition the next day."[1] (*See* Decl. of Matthew Farnworth in Supp. of Mot. to Withdraw ("Farnworth Decl."), ECF No. 55, ¶ 18.) The next day, on March 24, 2021, Plaintiff proceeded with his deposition under oath and expressed his desire to withdraw from the case. (*See, e.g.,* Dep. of Juan Aguilar, ECF No. 55-3, at 56:18–

---

[1] The Court notes that the parties first raised Plaintiff Aguilar's trepidations about participating in this litigation on June 12, 2020. (June 12, 2020 Joint Status Report, ECF No. 35, at 2.) However, at that time, Plaintiffs' counsel represented that Plaintiff Aguilar planned to proceed. (*Id.*)

2

19 ("That's why I want to get out of the lawsuit because I committed a mistake."); *id.* at 59:22–23 ("I'm going to repeat this. I made a mistake. I want to drop this."); *id.* at 62:25–63:4 ("Q: Is anyone telling you to withdraw from this case? A. No. Unless you want to give me something so I can leave."); *id.* at 63:19–22 ("THE WITNESS: Listen to me please. Honestly, I don't give a shit about the money. I make a mistake. That's all. I make a mistake.").)

In light of the above, on July 21, 2021, Plaintiffs' counsel filed a motion to withdraw as attorney for named Plaintiff Aguilar, which Defendants Advanced MEPF Services Corp. and David Cerqueira opposed. (*See* Mot. to Withdraw, ECF No. 54; Farnworth Decl., ECF No. 55; Decl. of Alan Kestenbaum in Opp'n to Mot. to Withdraw, ECF No. 59; Mem. in Opp'n to Mot. to Withdraw, ECF No. 60.) On September 1, 2021, the Honorable Rachel P. Kovner referred Plaintiffs' counsel's motion to the undersigned magistrate judge (*see* Sept. 1, 2021 ECF Order), and the Court held a motion hearing on September 29, 2021 (*see* Sept. 29, 2021 ECF Minute Entry and Order).

Following the hearing, the Court concluded that Plaintiffs' counsel had demonstrated satisfactory reasons for withdrawal and granted counsel's motion to withdraw as attorney for named Plaintiff Juan Aguilar. (*See* Sept. 29, 2021 Order, ECF No. 65.) As part of the order, the Court warned Plaintiff Aguilar that, if, by November 15, 2021, he had not appeared by newly-retained counsel or otherwise indicated his desire to proceed in the litigation *pro se*, Defendants may seek to dismiss his claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Sept. 29, 2021 Order, ECF No. 65, at 5.) The Court further directed Plaintiffs' counsel to serve a Spanish language translation of the Court's order on Plaintiff Aguilar within seven days, which they did on October 1, 2021. (Oct. 1, 2021 Aff. of Service, ECF No. 66.)

On October 29, 2021, and December 3, 2021, the parties filed joint status reports indicating, *inter alia*, that Defendants planned to proceed with a motion to dismiss as to named Plaintiff Aguilar, and the opt-in Plaintiffs planned to file a motion to amend the complaint to substitute in a new named plaintiff. (ECF Nos. 67, 70.) On December 9, 2021, Judge Kovner referred the parties' anticipated motions to the undersigned magistrate. (Dec. 9, 2021 ECF Order.) The Court then held a status conference on December 17, 2021, and set a briefing schedule for the parties' motions. (Dec. 17, 2021 ECF Minute Entry and Order.) Defendants filed their motion to dismiss on December 28, 2021 (Mot. to Dismiss, ECF No. 73), and the seven opt-in Plaintiffs filed their motion to amend on January 7, 2022 (Mot. to Amend, ECF No. 74). On January 20, 2022, the Court granted the opt-in Plaintiffs' motion to amend. (*See* Jan. 20, 2022 Order, ECF No. 75.)

For the reasons below, the Court respectfully recommends that Defendants' motion to dismiss as to named Plaintiff Juan Aguilar be granted, and that Aguilar's claims be dismissed from this action due to his failure to prosecute.

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626,

4

630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "harsh remedy" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 102 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors to support the court's disposition. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff Juan Aguilar's claims against Defendants. First, the Court notes that Plaintiffs' counsel last spoke with named Plaintiff on June 29, 2021 (*see* Farnworth Decl., ECF No. 55, ¶ 20), and for the past six months, Mr. Aguilar has been absent from the

5

case for reasons that appear solely attributable to him. *See Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013). Plaintiff Aguilar did not appear at the September 29, 2021 motion hearing on counsel's motion to withdraw from representing him, or respond to that motion in any way. (*See* Sept. 29, 2021 ECF Minute Entry and Order.)[2]

Second, the Court is satisfied that Plaintiff received proper notice about the possibility of dismissal, and that further attempts to warn him would be futile. *Caussade*, 293 F.R.D. at 630. In the Court's September 29, 2021 order granting counsel's motion to withdraw, the Court explicitly warned that, if, by November 15, 2021, "Mr. Aguilar had not appeared by newly-retained counsel or otherwise clearly indicated his desire to proceed *pro se*, Defendants may seek to dismiss this action as to Plaintiff Juan Aguilar for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (Sept. 29, 2021 ECF Minute Entry and Order; Sept. 29, 2021 Order, ECF No. 65, at 5.) On October 1, 2021, counsel served Plaintiff Aguilar with a Spanish language copy of the Court's order. (Oct. 1, 2021 Aff. of Service, ECF No. 66.) Plaintiff Aguilar has not contacted the Court since then, and did not appear at the December 17, 2021 status conference. (*See* Dec. 17, 2021 ECF Minute Entry and Order.) In addition, the Court finds that Defendants would be prejudiced by further and indefinite delay in this litigation, which has been in discovery for two years. (*See* Jan. 7, 2020 Scheduling Order, ECF No. 26.)

Apart from the duration of Plaintiff's absence, the notice he received regarding the consequences of his absence, and the prejudice Defendants would face if the parties continue on the current course, the Court also concludes that the fourth and fifth factors

---

[2] Although Defendants Advanced MEPF Services Corp. and David Cerqueira originally challenged the sufficiency of counsel's service of the motion to withdraw (*see* Mem. in Opp'n to Mot. to Withdraw, ECF No. 60, at 2), the Court notes that on August 31, 2021, and September 7, 2021, Plaintiff's counsel filed affidavits of service for their motion to withdraw and their reply to Defendants' opposition. (*See* ECF Nos. 61, 64.)

6

under Rule 41(b) weigh in favor of dismissal. Plaintiff has not simply shown "little in interest in prosecuting this case." *Caussade*, 293 F.R.D. at 631. Rather, he has disavowed his claims entirely. (*See* Dep. of Juan Aguilar, ECF No. 55-3, at 56:18–20, 59:22–23, 62:25–63:4, 63:19–22.) Accordingly, the Court finds that "dismissal would seek the proper balance between expediency and the rights of the plaintiff," and moreover, that dismissal is the only "efficacious option." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court recommends that Defendants' motion (ECF No. 73) be granted, and that Plaintiff Juan Aguilar's claims be dismissed. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to "any claim against" a defendant for a plaintiff's failure to prosecute).

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
January 20, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE